# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ANTWAIN D. BAKER,

    Plaintiff,

v.

FULTON COUNTY JAIL; DUTY OFFICER D. TROTTER; and SHERIFF T. JACKSON,

    Defendants.

CIVIL ACTION NO.: 2:17-cv-96

## **O R D E R**

Plaintiff, who is currently housed at Hancock State Prison in Sparta, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Upon review of Plaintiff's Complaint, it is clear Plaintiff names as Defendants individuals residing in Fulton County, Georgia, and he contests events allegedly occurring in Fulton County, Georgia. (Id.)

A district court may raise the issue of defective venue *sua sponte*. Collins v. Hagel, No. 1:13-CV-2051-WSD, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) (citing Kapordelis v. Danzig, 387 F. App'x 905, 906–07 (11th Cir. 2010) (affirming *sua sponte* transfer, pursuant to 28 U.S.C. § 1406(a), of *pro se* prisoner's civil rights action from New York to Georgia); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001); cf. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); and Nalls v. Coleman Low Fed. Inst., 440 F. App'x 704, 706 (11th Cir. 2011)). When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of

justice.'" Leach v. Peacock, Civil Action No. 2:09cv738-MHT, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)). Trial courts generally have broad discretion in determining whether to transfer or dismiss a case. Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

This Court is not the proper venue to hear Plaintiff's claims against these Defendants. 28 U.S.C. § 1391(b) sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff is housed in a facility in Sparta, Georgia, which is within the Middle District of Georgia, and he complains about events occurring in Fulton County, Georgia, which is in the Atlanta Division of the Northern District of Georgia. 28 U.S.C. §§ 90(a)(2) & (b)(1). He does not allege that any Defendant resides in this District.

Accordingly, the Court **TRANSFERS** Plaintiff's Complaint, and hence, this case, to the United States District Court for the Northern District of Georgia, Atlanta Division, in the interest of justice.

**SO ORDERED**, this 25th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA